**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4684**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JASON ANTWAN WILLIAMS,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:12-cr-00343-FL-1)

———————————

Submitted:  March 24, 2014          Decided:  March 27, 2014

———————————

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James M. Ayers II, AYERS & HAIDT, PA, New Bern, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Antwan Williams pled guilty, without a plea agreement, to possession with intent to distribute marijuana and cocaine, 21 U.S.C. § 841(a)(1) (2012), possessing a firearm and ammunition after having been convicted of a felony, 18 U.S.C. § 922(g) (2012), and possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k) (2012). Based on a total offense level of 25 and a criminal history category of III, Williams' advisory Guidelines range was 70 to 87 months' imprisonment. However, the district court departed downward and imposed a 58-month sentence as to each count, to run concurrently.

On appeal, Williams' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Williams' 58-month sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Williams has not done so.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a

2

sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We find that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court properly calculated Williams' sentencing range under the advisory Guidelines, considered the relevant § 3553(a) factors, and imposed a sentence below the applicable sentencing range. To the extent that Williams argues that the court should have sentenced him to only 30 months' imprisonment, this court does not have jurisdiction to review "the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995); see 18 U.S.C. § 3742(a) (2012). Because there is nothing in the record to suggest that Williams' sentence was imposed in violation of law or was based on an incorrect application of the

Guidelines, we lack jurisdiction to review the extent of the district court's departure decision.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED